UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Anthony Russo,<br><br>    Plaintiff,<br><br>  v.<br><br>New Jersey State Parole Board, et al.,<br><br>    Defendants. | Civil Action No. 15-5703 (SRC)<br><br>OPINION |

Plaintiff Anthony Russo, a prisoner confined at South Woods State Prison, seeks to bring this civil action *in forma pauperis,* asserting claims pursuant to 42 U.S.C. § 1983. This Court administratively terminated this matter on August 12, 2015, because Plaintiff failed to submit a properly completed IFP application pursuant to 28 U.S.C. § 1915(a). (ECF No. 5.)

Plaintiff has now submitted a properly completed IFP application (ECF No. 6), and has established his inability to prepay the filing fee for a prisoner civil rights complaint. The Court will reopen this matter and grant Plaintiff's IFP application. The Complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B).

I.   BACKGROUND

In his § 1983 complaint, Plaintiff alleges Defendants conspired to deny him parole and continue his illegal incarceration in violation of his Eighth and Fourteenth

1

Amendment constitutional rights. (Compl., (ECF No. 1 at 4.)) He seeks forty million dollars and release from prison.[1] Plaintiff asserts:

> Plaintiff will show that the New Jersey State Parole Board, following documentation from the East Jersey State Prison Classification Committee, the sole authority on sentencing calculations on inmates sentences. That Plaintiff had maxed out, or completed his sentences, or to use classifications term, expired all sentences.

(Id. at 6.) Plaintiff further asserted that he attempted to seek administrative remedies:

> I filed prison remedy forms, plus my attorney at the time wrote and phoned the Prison Administration seeking why Plaintiff was not released from prison based on the fact that his sentence was completed resulting in constitutional violations. This is all documented in Plaintiff's presentation of defendants.

(Id. at 5.)

**II.  DISCUSSION**

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss the complaint if it is (1) frivolous or malicious; (2) fails to state a claim upon which

---

[1] After terminating the case for failure to pay the filing fee or submit a complete IFP application, the Court reserved this proceeding, upon reopening, for Plaintiff's civil rights action. (ECF No. 5.) The Court notified Plaintiff that if he wished to seek immediate release from prison, he should open a new matter by filing a "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. § 2254." (ECF No. 5.)

relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Courts should liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 891, 894 (2007). In analyzing the sufficiency of the complaint, the Court must accept as true all factual allegations and the reasonable inferences drawn therefrom, but need not accept alleged legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 677-68 (2009).

Under Heck v. Humphrey, 512 U.S. 477 (1994) "any claimant, even if the door to federal habeas is shut and regardless of the reason why, must establish favorable termination of his underlying criminal proceeding before he can challenge his conviction or sentence in a § 1983 action." Deemer v. Beard, 557 F.App'x. 162, 167 (3d Cir. 2014) (per curiam) (dismissing § 1983 complaint against prison officials and parole board members because inmate had not first obtained habeas relief on claim that defendants failed to release him upon expiration of his sentence.)

> In *Heck v. Humphrey*, the Supreme Court announced that a plaintiff cannot attack the validity of his conviction or sentence in a § 1983 damages action without proving that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

3

>   corpus, 28 U.S.C. § 2254." 512 U.S. [477] at
>   486-87, 114 S.Ct. 2364 [1994].

Id. at 164-65.

Plaintiff challenged the May 29, 2013, New Jersey State Parole Board's final decision denying his application for parole in the New Jersey Superior Court Appellate Division. (Compl., Ex. A-2 (ECF No. 1-3 at 17); Russo v. New Jersey State Parole Bd., 2014 WL 3396085 (N.J. Super. Ct. App. Div. July 14, 2014) (per curiam). The Appellate Division affirmed the Parole Board, and the New Jersey Supreme Court denied certification. Id., cert. denied 220 N.J. 208 (N.J. Dec. 16, 2014). There is no indication that Plaintiff has otherwise sought to reverse the Parole Board decision. Therefore, Plaintiff has not met Heck's favorable termination rule; and he consequently fails to state a cognizable claim under § 1983. See Bolick v. Pennsylvania, 473 F.App'x 136, 139 (3d Cir. 2012) (per curiam) (affirming dismissal of Heck-barred claim for failure to state a claim upon which relief may be granted).

**III. CONCLUSION**

Plaintiff's § 1983 complaint is barred by Heck. In the accompanying Order filed herewith, the Court will dismiss the Complaint without prejudice.

s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge

Dated: August 25, 2015

4